UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTEA COOPER, Plaintiff, v. G. ESCOBEDO and JOHN/JANE DOE, Defendants. | Case No.: 3:26-cv-03680-CAB-DEB<br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION TO PROCEED IFP**<br>**[Doc. No. 4]** |

On June 17, 2026, Plaintiff Dantea Cooper, a former state prisoner proceeding without counsel, filed a complaint under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). [Doc. Nos. 1–2.] On August 7, 2026, the Court denied Plaintiff's IFP motion and dismissed this civil action without prejudice. [Doc. No. 3 at 3.] The Court's Order denying IFP noted that Plaintiff had "not submitted a *sworn* Form AO 239 or other comparable instrument. His request [was] unsworn, stating only that he is 'an unemployed indigent homeless man.' . . . The Court therefore [did] not have sufficient information backed by declaration, oath, or affirmation from which to evaluate Plaintiff's ability to pay the requisite filing fee." [Doc. No. 3 at 3 (emphasis added).] On September 3, 2026, Plaintiff filed a renewed motion to proceed IFP

on the Form AO 239 provided by the Clerk of Court. [Doc. No. 4.] For the reasons stated below, the Court **DENIES** Plaintiff's renewed IFP motion.

## I. IFP MOTION

Plaintiff has neglected to sign and date the affidavit portion of the motion, [*see* Doc. No. 4 at 1], that requires him to "declare under penalty of perjury that the information" he provided "is true[.]" Form AO 239 at 1; *see* 28 U.S.C. § 1915(a)(1) (a court may authorize suit without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor"); *Cal. Men's Colony, Unit II Men's Advisory Council v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds*, 506 U.S. 194 (1993); CivLR 3.2(a) (directing IFP movants to file "an affidavit that includes a statement of all assets which shows inability to pay initial fees or give security"); *see also* CivLR 3.2(a)(1)–(7) (listing numerous financial statements that movants must submit in their "declaration . . . under penalty of perjury"); CivLR 3.2(f) (requiring submission of financial affidavit "at the time the suit . . . is submitted for filing").

Accordingly, because Plaintiff has not complied with the IFP affidavit requirement or the Court's order to submit his motion on a completed AO 239, the Court **DENIES** Plaintiff's renewed IFP motion. This denial, however, is **WITHOUT PREJUDICE** to Plaintiff refiling an IFP motion that cures the above-noted deficiencies.

## II. CONCLUSION

For the reasons explained, the Court:

1. **DENIES** Plaintiff's Motion to Proceed IFP, [Doc. No. 4];

2. **GRANTS** Plaintiff **forty-five (45) days** leave in which to re-open his case by either: (a) paying the full $405 civil filing fees required by 28 U.S.C. § 1914(a) in one lump sum; or (b) filing an motion to proceed IFP that includes a properly executed AO 239; and

3. **DIRECTS** the Clerk of Court to provide Plaintiff with another blank AO 239 (Rev. 01/15). If Plaintiff fails to comply with this Order by either paying the full $405 civil filing fee in one lump sum or by submitting a complete AO 239 IFP application **within 45 days**, this civil action will remain dismissed without prejudice based on his failure to comply with 28 U.S.C. § 1914(a) and without any further Order of the Court.[1]

**IT IS SO ORDERED**.

Dated: October 13, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

[1] Plaintiff is again cautioned that if he chooses to proceed further by submitting a properly supported Motion to Proceed IFP, his complaint will be screened before service and may be dismissed *sua sponte*. 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").